IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**SHAWNA S. WISE,**

    **Plaintiff,**

v.                                            Civil Action No. <u>2:25-cv-00361</u>
                                                      **(Formerly Wood County Circuit Court, Civil Action No. 25-C-151)**

**THE KROGER CO., AND
RICHARD "RICK" ROBERTS,**

    **Defendants.**

## NOTICE OF REMOVAL

Defendants The Kroger Co., ("Kroger") and Ricky Roberts, ("Roberts") (collectively, "Defendants") hereby remove the action styled *Shawna S. Wise v. The Kroger Co. and Richard "Rick" Roberts*, Civil Action Number 25-C-151, pending in the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1. On or about April 29, 2025, Plaintiff Shawna S. Wise ("Plaintiff") filed "Plaintiff's Original Complaint" in the Circuit Court of Wood County, West Virginia, against Kroger and Roberts. Kroger was served on May 5, 2025, through the Office of the West Virginia Secretary of State, its statutory agent for purposes of service of process in West Virginia. Roberts was served on May 14, 2025, via personal service of process.

2. Copies of the Summons, Complaint, and all other documents served on Kroger are attached as **Exhibit A**. Copies of the Summons, Complaint and all other documents served on Roberts are attached as **Exhibit B**. A certified copy of the Wood County Circuit Court docket sheet

is attached as **Exhibit C**. A complete copy of the Wood County court file is attached as **Exhibit D**.

3. This Notice of Removal is being filed within thirty (30) days after service of Plaintiff's Complaint on Defendants, and is therefore timely filed under 28 U.S.C. §1446(b).

4. Plaintiff alleges that Defendants, collectively, discriminated against her in violation of the West Virginia Human Rights Act. (Complaint, ¶¶ 6-11). Specifically, Plaintiff claims that Defendants discriminated against her based upon disability/failure to accommodate a disability or perceived disability under W. Va. Code § 5-11-, *et seq.*[1] (Compl. ¶¶ 23-25).

5. Finally, Plaintiff specifically alleges a count of punitive damages stating that Defendants' actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Plaintiff entitling her to punitive damages. (Compl. ¶ 32).

## Diversity Jurisdiction

6. This action is properly removable under 28 U.S.C. § 1441, and this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a)(2), as amended, which provides, in pertinent part, as follows:

> (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . .
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; . . .

---

[1] Although Plaintiff's Complaint references the West Virginia Human Rights Act, the West Virginia Human Rights Act has recently moved to W. Va. Code § 16B-17-1 *et seq*.

2

7. For purposes of diversity jurisdiction, a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

8. Plaintiff is a citizen and resident of the State of West Virginia. (Compl. ¶ 1).

9. Kroger is an Ohio corporation with a principal place of business in Cincinnati, Ohio. (Compl. ¶ 2); **EXHIBIT E**. Thus, it is a citizen of Ohio.

10. Richard "Rick" Roberts (legally known as "Ricky Roberts") is a citizen and resident of the State of Ohio. Plaintiff's Complaint misstates the citizenship and residency of Roberts. (Compl. ¶ 2). Roberts actually resides in Little Hocking, Ohio, and is therefore a resident and citizen of Ohio. This is true now and at all time referenced in the Complaint. **EXHIBIT F**.

11. Accordingly, there is complete diversity of citizenship in this case as defined by 28 U.S.C. § 1332 (a) and, as set forth below, the amount in controversy requirement is met.

## Amount in Controversy

12. The amount in controversy for purposes of diversity jurisdiction "is measured by the value of the object of the litigation." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 492 (S.D. W. Va. 2001) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

13. A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999).

14. In making the assessment of the value of the object of the litigation, the Fourth Circuit employs the "either viewpoint" rule — that is, that the value of the object of the litigation may be the value to either the plaintiff or the defendant. *See Dixon v. Edwards*, 290 F.3d 699, 710

(4th Cir. 2002) ("the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which judgment would produce.'")

15. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Generally, whether the jurisdictional amount is satisfied is determined by reference of the amount specified in the plaintiff's complaint. *Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, (1938). However, in cases, such as this case, where the complaint does not specify a certain sum, the matter is not so simple.

16. Instead, courts use the complaint as a starting point, then look to the evidence presented by the defendant to support removal, making an independent evaluation as to whether the jurisdictional amount is satisfied. *McCoy*, 147 F.Supp.2d at 489. Specifically, courts consider the type and extent of injuries alleged by the plaintiff, the possible damages recoverable, including punitive damages, the amounts awarded in other similar cases, and the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. *McCoy*, 147 F.Supp.2d at 489; *Sayre v. Potts*, 32 F.Supp.2d 881, 886 (S.D. W. Va. 1999). Furthermore, a court is "not required to leave its common sense behind" when determining the amount in controversy. *McCoy*, 147 F.Supp.2d at 489; *Sayre*, 32 F.Supp.2d 881, at 886-87; *see also Canterbury v. Scott*, No. 3:09-1329, 2010 U.S. Dist. LEXIS 14494, at *6 (S.D. W. Va. 2010).

17. Plaintiff claims wrongful termination based upon disability discrimination or failure to accommodate a disability, in violation of West Virginia Code § 16B-7-1 e*t seq.* (Compl. ¶¶ 23-25).

18. Plaintiff alleges "damages for lost wages, the value of lost benefits, damages for mental and emotional distress, punitive damages, costs and attorney's fees, injunctive relief

4

including but not limited to reinstatement and other further relief as may upon the premises be appropriate. Damages available under any statute cited in this Complaint. Damages for annoyance, inconvenience, and aggravation. All other damages available to Plaintiff and or awarded by this Court including but not limited to punitive damages, prejudgment interest as provided by law, attorney's fees and costs, and such further relief as this Court may deem just and equitable." (Complaint, ¶ **WHEREFORE**).

19. Assuming Plaintiff is successful, lost wages and benefits alone could easily surpass the jurisdictional amount. *See, e.g.,* Burke-*Parsons-Bowlby Corp. v. Rice,* 736 S.E.2d 338, 340 (W. Va. 2012) (affirming jury award in discrimination case of $2,133,991.00, comprised entirely of back and front pay); *W. Va. Am. Water Co. v. Nagy*, No. 101229, 2011 W. Va. LEXIS 183, at *4-5 (W. Va. 2011) (affirming jury award in discrimination case containing more than $1,000,000 in back and front pay). Likewise, emotional distress damages, standing alone, can easily approach or surpass the $75,000 threshold. *See Nagy*, 2011 W. Va. LEXIS 183, at *4-5 (affirming jury award of $150,000 in emotional distress damages in age discrimination case); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 422 S.E.2d 624 (W. Va. 1992) (affirming $50,000 emotional distress award in a retaliatory discharge case).

20. Federal courts in West Virginia consider "any punitive damages which may be awarded." *Allman v. Chancellor Health Partners, Inc.*, No. 5:08CV155, 2009 U.S. Dist. LEXIS 57022, at *5 (N.D. W. Va. Mar. 2, 2009). Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000); *see also Heller v. TriEnergy, Inc.*, No. 5:12-CV-45, 2012 U.S. Dist. LEXIS 94003, at *26 (N.D. W. Va. July 9, 2012); *Kenney v. Indep.*

*Order of Foresters*, No. 3:12-CV-123, 2012 U.S. Dist. LEXIS 175370, at *9 (N.D. W. Va. Dec. 11, 2012). Claims that arise under the West Virginia Human Rights Act allow for an award of punitive damages. *Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 850 (N.D. W. Va. 2004) (citing *Haynes v. Rhone-Poulenc*, 521 S.E.2d 331, 336 (W. Va. 1999) (holding that punitive damages are available under the Human Rights Act)). Therefore, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *Bryant,* 117 F. Supp. 2d at 556-57 (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff contended that only $70,000 was at stake); *see also Hutchens v. Progressive*, 211 F. Supp. 2d 788, 790-91 (S.D. W. Va. 2002) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff signed an affidavit stating that he would not seek more than $74,500). Here, Plaintiff has requested punitive damages and such damages are an available form of relief. *Haynes*, 521 S.E.2d at 336 (punitive damages available in West Virginia Human Rights Act cases). Consequently, the amount-in-controversy requirement is plainly met.

21. Attorney fees are included in the determination of the amount in controversy when they are provided for by statute. "While attorney fees and costs are typically excluded from the jurisdictional amount, such fees are countable when mandated by a contract or a statute." *Rembert v. The Cadle Company*, No. 1:07CV143, 2008 U.S. Dist. LEXIS 3422, at *5 (N.D. W. Va. Jan. 16, 2008) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Here, just like the statute at issue in *Rembert*, the West Virginia Human Rights Act contains a fee-shifting provision at W. Va. Code § 16B-17-13(c). According to the Supreme Court of Appeals of West Virginia, "effective enforcement of the human rights law depends upon the action of private

citizens who, from our observations of these matters, usually lack the resources to retain the legal counsel necessary to vindicate their rights. Full enforcement of the civil rights act requires adequate fee awards." *Bishop Coal v. Salyers*, 380 S.E.2d 238, 247 (W. Va. 1989). Thus, attorney fees should properly be included in the amount-in-controversy analysis in this case. While there are not a lot of reported decisions detailing the actual amount of fee awards in Human Rights Act cases, a nearly 25 year old decision by the Supreme Court of Appeals of West Virginia upheld an award of $29,950.79. *Lack v. Wal-Mart Stores, Inc.*, 56 F. Supp. 2d 674 (W. Va. 1999) (reversed on the merits of the case). More recently, the Fourth Circuit upheld a grant of $273,596 in attorney fees in a disability discrimination claim under the Human Rights Act. *Calef v. FedEx Ground Packaging Sys.*, 343 Fed. Appx. 891 (4th Cir. 2009) (unpublished). Certainly, in the present case, common sense dictates that the amount-in-controversy requirement is met.

## **Consent of Defendants**

22.     Undersigned counsel represents Defendants in this matter and states that they have consented to removal.

Based on all of the above, Defendants have removed this action from the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia. Accordingly, no further proceedings in this civil action may occur in the Wood County Circuit Court.

    /s/ *Brian J. Moore*
Brian J. Moore, Esq. (WVSB # 8898)
**DINSMORE & SHOHL LLP**
P.O. Box 11887
Charleston, WV 25339-1887
Telephone:     (304) 357-0900
Facsimile:     (304) 357-0919
Email: brian.moore@dinsmore.com
and

                                            Esha S. Simon (WV State Bar # 13461)
                                            DINSMORE & SHOHL LLP
                                            215 Don Knotts Blvd., Suite 310
                                            Morgantown, WV  26501
                                            Telephone:  (304) 225-1405
                                            Facsimile:  (304) 296-6116
                                            Email:  esha.simon@dinsmore.com

                                            *Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SHAWNA S. WISE,**
a West Virginia Resident,

  **Plaintiff,**

v.            Civil Action No. 2:25-cv-00361
               (Formerly Wood County Circuit Court, Civil Action No. 25-C-151)

**THE KROGER CO.,**
an Ohio Corporation; and,
**RICHARD "RICK" ROBERTS,**
An Ohio resident;

  **Defendants.**

## CERTIFICATE OF SERVICE

I, Brian J. Moore, hereby certify that on June 3, 2025, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, and certify that I have served the following non-CM/ECF participants by regular U.S. mail, postage prepaid:

D. Adrian Hoosier, II
Hoosier Law Firm, PLLC
213 Hale Street, Suite 100
Charleston, WV 25301
*Counsel for Plaintiff*

            /s/ *Brian J. Moore*
            Brian J. Moore, Esq. (WVSB # 8898)