Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0004 2505 96

THE KROGER CO.
Corporation Service Company
808 GREENBRIER STREET
Charleston, WV 25311

**Control Number:** 339975

**Defendant:** THE KROGER CO.
808 GREENBRIER STREET
Charleston, WV 25311 US

**Agent:** Corporation Service Company
**County:** Wood
**Civil Action:** 25-C-151
**Certified Number:** 92148901125134100004250596
**Service Date:** 5/5/2025

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

Kris Warner
Secretary of State

# SUMMONS

E-FILED | 4/29/2025 4:45 PM
CC-54-2025-C-151
Wood County Circuit Clerk
Celeste Ridgway

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA
### Shawna Wise v. The Kroger Co.

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   The Kroger Co., 808 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

D. Hoosier, 213 HALE ST, STE 100, CHARLESTON, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

SERVICE:

| | |
|---|---|
| 4/29/2025 4:45:57 PM | /s/ Celeste Ridgway |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____, someone who is eighteen (18) years of age or above and resides there.

☐ Not Found in Bailiwick

| | |
|---|---|
| Date | Server's Signature |

E-FILED | 4/29/2025 4:45 PM
CC-54-2025-C-151
Wood County Circuit Clerk
Celeste Ridgway

## IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

| | |
|---|---|
| SHAWNA S. WISE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE KROGER CO., AND RICHARD )<br>"RICK" ROBERTS, )<br>)<br>Defendants. )<br>) | Civil Action No.: 25-C-____ |

### JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW, Your Plaintiff, Shawna S. Wise ("Plaintiff"), by counsel, D. Adrian Hoosier, II, and for Plaintiff's Complaint states and avers as follows:

I. **Jurisdiction/Venue**

1. Plaintiff was employed at The Kroger Co., ("Kroger" hereinafter) in Parkersburg, West Virginia until her wrongful termination on or about May 4, 2023. At all times therein Plaintiff was a resident of the state of West Virginia.

2. Kroger is an Ohio Corporation. Richard "Rick" Roberts is a resident of Wood County, West Virginia. All actions subject to this Complaint occurred in Wood County, West Virginia.

3. Wherefore, Jurisdiction and Venue are proper in this Court.

II. **Factual Statement and Statemen in Support of Claims**

4. Plaintiff applied for and accepted a position with Kroger on Division Street in Parkersburg, West Virginia. Plaintiff communicated to Kroger and, upon information and belief, the hiring contact with Kroger, that she was currently working for McDonald's restaurant. Plaintiff

1

stated that she would not be available for hire at Kroger for a few weeks. Kroger then requested that Plaintiff "immediately" give McDonald's a "two-week notice" and start working for Kroger. Plaintiff complained Plaintiff did give her employer, McDonald's, a two-week notice and started working for Kroger towards the end of April 2024.

5. On or about May 4, 2023, Plaintiff was hospitalized. Plaintiff was diagnosed with "sepsis, acute cystitis with hematuria, gastroenteritis, infectious, and long-term prescription opiate use." The same are disabilities that substantially affected Plaintiff's ordinary daily activities including working. On or about May 4, 2023, Plaintiff informed Kroger and Roberts of the same. Roberts, upon information and belief, was the acting manager for Kroger.

6. Thus, Plaintiff was a person protected (or "protected person") per the West Virginia Human Rights Act ("HRA").

7. Kroger is an employer with 12 or more employees.

8. Plaintiff requested the accommodation of completing her hospital stay, and informed Kroger she would then return to work. Plaintiff indicated it would only be a few days. The request was reasonable under the circumstances and did not amount to a substantial hardship to Kroger or Roberts.

9. Kroger, upon knowledge of Plaintiff's request, and with knowledge of her disability, terminated her employment.

10. Plaintiff informed Kroger that Plaintiff needed an accommodation for her disability. Namely, Plaintiff requested that she be permitted a few days off work due to her disability.

11. Kroger denied the reasonable accommodation. Kroger then directly discriminated against Plaintiff, due in whole or in part to her disability, by terminating her employment.

12. Plaintiff disability is, among other things, sepsis, acute cystitis with hematuria, gastroenteritis, infectious, and long-term prescription opiate use. Plaintiff was "perceived as/regarded as" disabled based on the disability of drug addiction. Plaintiff was "perceived as/regarded as" an addict. Plaintiff was denied a reasonable accommodation.

13. After Plaintiff requested a reasonable accommodation, Defendants' failed to engage in any interactive process, failed to accommodate Plaintiff's disability, and retaliated against Plaintiff for requesting the same. Plaintiff's request was reasonable and could be accommodated by Defendants.

14. Plaintiff was employed by the Defendants in Wood County, West Virginia.

15. During Plaintiff's employment, Plaintiff consistently performed Plaintiff's duties in a satisfactory manner and met the reasonable expectations of this employer.

16. Defendants were at all times aware of Plaintiff's disabilities or physical impairments. Plaintiff's disabilities substantially limit one or more of Plaintiff's major life activities, and/or Plaintiff had a record of such impairments, and/or Plaintiff was perceived to have a disability or impairment and/or Plaintiff requested and was denied a reasonable accommodation for her disability.

17. Plaintiff suffered from the above-referenced physical impairments which substantially limited one or more of Plaintiff's major life activities including, but not limited to, caring for self, performing manual tasks, and working.

18. Plaintiff was qualified to perform the essential functions of the job while Plaintiff was employed by the Defendants.

19. Plaintiff has a record of the above-referenced physical impairments/disability. Defendants were well aware of the same.

20. Defendant regarded Plaintiff has having the above-referenced physical impairments/disability.

21. On May 4, 2023, Defendants willfully, maliciously and unlawfully terminated Plaintiff's employment.

## COUNT I

### VIOLATIONS OF THE WEST VIRGINIA HUMAN RIGHTS ACT BASED UPON DISABILITY/FAILURE TO ACCOMMODATE DISABILITY/PRECEIVED AS/REGUARDED AS DISABLED, AND DISABILITY DISCRIMINATION

22. Plaintiff incorporates all preceding paragraphs of Plaintiff's Complaint as if fully set forth herein verbatim.

23. Plaintiff's impairment or disability places Plaintiff in a protected class under the West Virginia Human Rights Act. As stated, Plaintiff is a disabled person as the same is defined by the West Virginia Human Rights Act (sometimes hereinafter "WVHRA" or "HRA").

24. Defendants' termination of Plaintiff was based upon factors including, but not limited to, Plaintiff's disability and/or perceived disability, and/or history of a disability, and/or Defendant's failure to accommodate Plaintiff's disability constitutes discrimination against Plaintiff in violation of the WVHRA, W.Va. Code § 5-11-, *et seq.*

25. Wherefore, Defendants have violated the WVHRA as set forth above. Plaintiff's employment would not have been terminated but for Plaintiff's disability and/or perceived disability, and/or history of a disability, and/or Defendant's failure to accommodate Plaintiff's disability. But for Plaintiff's disability she would not have been terminated.

26. Defendants' conduct was willful, wanton, reckless, malicious, intentional, and/or in direct disregard of Plaintiffs' state protected. As a direct and proximate result of the Defendants'

actions, Plaintiff has suffered and will continue to suffer lost wages and benefits in an amount to be determined by the jury.

27. Plaintiff is qualified to perform the essential functions of the job (either with or without reasonable accommodation), and Plaintiff has suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises. *Skaggs v. Elk Run Coal Company, Inc.*, 198 W. Va. 51, 479 S.E.2d 561, 582 n.22 (1996).

28. As a direct and proximate result of the Defendant's actions, Plaintiff is entitled to damages including, but not limited to, payment of back wages, fringe benefits, actual damages, and cost of litigation including attorney fees, witness fees, indignity, embarrassment, humiliation, annoyance and inconvenience in an amount to be determined by the jury.

29. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages including, but not limited to, loss of pay, emotional pain, suffering, humiliation, aggravation, annoyance, inconvenience, mental anguish, and other damages for which Defendants are liable.

30. The West Virginia Human Rights Act prohibits discrimination in employment based on disability/failure to accommodate (WV Code Sec. 5-11-1 et seq.).

31. The Act applies to all public employers and private employers with 12 or more employees. Defendant corporation has 12 or more employees.

32. The Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff entitling the Plaintiff to punitive damages in the amount to be determined by a jury.

33. The Defendant's actions were willful and malicious and violated the WV-HRA entitling Plaintiff to attorney fees and costs pursuant to W.Va. Code 5-11-13 and/or the decisions

of the West Virginia Supreme Court of Appeals. Upon on information and belief, Roberts was the manager who terminated Plaintiff and denied her request for a reasonable accommodation for disability.

WHEREFORE, Plaintiff demands against Defendants damages for lost wages, the value of lost benefits, damages for mental and emotional distress, punitive damages, costs and attorney's fees, injunctive relief including but not limited to reinstatement, and such other and further relief as may upon the premises be appropriate. Damages available under any statute cited in this Complaint. Damages for annoyance, inconvenience, and aggravation. All other damages available to Plaintiff and or awarded by this Court including but not limited to punitive damages, prejudgment interest as provided by law, attorney's fees and costs, and such further relief as this Court may deem just and equitable.

                                                  **SHAWNA S. WISE,**
                                                Plaintiff by Counsel,

                                                Respectfully submitted,

*/s/ D. Adrian Hoosier, II*
D. Adrian Hoosier, II (WVSB# 10013)
Hoosier Law Firm, PLLC
213 Hale St., Suite 100
Charleston, WV 25301
Telephone: (304) 767-9482
adrian@hlfwv.com

US POSTAGE — PITNEY BOWES
ZIP 25311 $ 009.24
02 4W
0000377388 MAY